UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

LAURA BORADERS, a/k/a Lisa
Stringer,
          *Defendant-Appellant.*

No. 02-4362

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-00-157)

Submitted: November 7, 2002

Decided: November 15, 2002

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant. Thomas Richard Ascik, OFFICE OF THE UNITED STATES ATTORNEY, Ashville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Pursuant to a valid plea agreement, Laura Boraders pled guilty to conspiracy to commit bank fraud and to utter counterfeit securities in violation of 18 U.S.C. §§ 371, 1344, and 513(a). Boraders received a 10 month prison term. Boraders's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but asserts the district court erred by refusing to grant Boraders a two-point downward adjustment for acceptance of responsibility pursuant to U.S. Sentencing Guidelines Manual §§ 3E1.1(a) (2000). Finding no error, we affirm.

We review a district court's decision to deny a reduction to the offense level for acceptance of responsibility for clear error. *United States v. Pauley*, 289 F.3d 254, 261 (4th Cir. 2002). Because Boraders committed an identical state offense within three weeks of the time she entered her plea agreement, and claimed she was innocent at sentencing, we find the district court did not err in denying a reduction for acceptance of responsibility. Even if the district court had committed error in not granting a reduction for acceptance of responsibility, Borader's sentence is within the recommended guidelines range had the district court granted the reduction, and thus she was not prejudiced.

Accordingly, we affirm Borader's conviction and sentence. As required by *Anders*, we have reviewed the record and conclude that there are no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a

copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*